## WILLIAM T. PETTIS v. WILLIAM SMITH, et al.

Where a testator gave to his wife all his lands, and many articles of personal property, and added " all of which property to be her's during widowhood; in the event of her marriage, the one-third of the above property to be her's forever, and the balance to be divided among my children, and subject to the same restrictions as hereafter mentioned," which restrictions were that other property given to his children should be their's for life with limitations to their children : *It was held*, That as the wife never married again the interest which she had taken in the lands was for life only, and upon her death they descended to the heirs-at-law of her husband.

This was a CIVIL ACTION for one-fifth part of a tract of land tried at the last term of the Superior Court of the county of MECKLENBURG, before his Honor *Logan, J.* The plaintiff had a verdict and judgment, and the defendant appealed. The case is sufficiently stated in the opinion.

*Dowd,* for the defendant.
*Shipp,* for the plaintiff.

SETTLE, J. The will of William Burton contains this clause : " Item 2. I will to my beloved wife, Mary Burton, the tract of land on which I live and another small tract on the river, with my horses and stock of every description, farming utensils, household and kitchen furniture, also the following negroes, Frank, Bob and Jim, and two negro women, Jude and Sal, all of which property to be her's during her widowhood; in the event of her marriage, the one-third of the above property to be her's forever, and the balance to be divided among my children, and subject to the same restrictions as hereafter mentioned."

The restrictions hereafter mentioned are limitations of other property to his children for life, and then to their children, &c. It is clear that the testator intended to control *all* of his property, real and personal, until it reached the hands of his grandchildren, except that in the case of

his widow's marriage, instead of allowing her to hold and enjoy for life all that passed to her under item second of the will, she should then take only one-third, absolutely and in fee simple.

She died in 1860 without marriage, upon which event the children of the testator became entitled to the immediate possession of this property, notwithstanding that the widow had conveyed the land, by deed in fee simple, to the party under whom the defendants claim title.

This disposes of the point and the only point presented by the record; but the learned counsel who argued the case for the defendants in this Court, feeling as it would seem, the weight of his burden, had but little to say upon the main point, but endeavored to interpose a question of pleading as a shield to his clients. He contends that it does not appear that the plaintiff is one of the heirs of William Burton, or if he is, what portion of the estate he is entitled to. The plaintiff alleges distinctly in his complaint that he is an heir, and as such entitled to one-fifth part of the estate, and the defendant does not distinctly deny it.

The record recites that the Court reserved by consent of parties the decision upon the issues of law arising upon the will of William Burton, and it proceeds to state that the issue of law submitted to the Court was, "Is the plaintiff as heir of William Burton entitled to one-fifth of the land in the pleadings described?"

The very issue submitted admits that he is an heir and entitled to one-fifth of the land, unless upon the construction of the will the widow was entitled to the whole in fee simple.

There is no error.

PER CURIAM.　　　　　　　　　　　Judgment affirmed.